UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, as guardian, on behalf of JOHN DOE
NO. 1, a minor, and JOHN DOE NO. 2,

               Plaintiff,

           – against –

PETER J. NYGARD, NYGARD INC., NYGARD
INTERNATIONAL PARTNERSHIP, and NYGARD
HOLDINGS LIMITED,

             Defendants.

**ORDER**
20 Civ 6501 (ER)

Ramos, D.J.:

    Plaintiffs Jane Doe, on behalf of her minor son, John Doe No. 1, and John Doe No. 2

bring this action against Defendants Peter J. Nygard, Nygard Inc., Nygard International

Partnership, and Nygard Holdings Limited seeking damages pursuant to 18 U.S.C. §§ 1591,

1594, and 1595, as enacted by the federal Trafficking Victims Protection Reauthorization Act

("RVPRA"). Doc. 1. Before the Court is Plaintiffs' motion for leave to proceed anonymously

and for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Doc. 4. For the

following reasons, the motion is GRANTED.

## I.    BACKGROUND

    John Doe No. 1 and John Doe No. 2, the biological sons of Peter Nygard, allege that they

are the survivors of a sex trafficking operation run by Defendants. Doc 1 ¶¶ 1–6. Specifically,

both allege that they were statutorily raped when they were fourteen and fifteen years-old,

respectively, by Jane Roe, Nygard's long-time girlfriend and a known sex-worker, at Nygard's

instruction. *Id.* The rapes occurred in the summer of 2018 in Winnipeg, Canada, and in 2004 at

Nygard's residence in the Bahamas. *Id.* ¶¶ 100, 111. At the time, Nygard was a world-

renowned fashion designer.  *Id.* ¶ 7.  According to Plaintiffs, Nygard has a long history as a sexual predator.  *Id.* ¶¶ 87–99.  In related litigation, he and his companies have also been accused of running a sex trafficking operation.  *See* Does No. 1–57 v. Nygard, et al., No. 20 Civ. 1288 (ER) (S.D.N.Y.).  Plaintiffs allege that they are at serious risk of retaliatory harm due to Nygard's wealth and power and history of retaliation, "including by means of arson, property destruction, threats of physical violence, and threats of legal action."  Doc. 1 ¶ 32.

Plaintiffs commenced this action on August 16, 2020, Doc. 1, and filed the instant motion for leave to proceed anonymously and for a protective order the following day, Doc. 4.

## II.    LEGAL STANDARDS

### A.  Motion to Proceed Anonymously

As a general rule, courts presume that any given action "must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  Behind this presumption is a fundamental belief that the public has a right to know who is using the courts and for what general purpose.  *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 189 (2d Cir. 2008).  Where the suit involves a defendant's specific actions or a particular incident, open proceedings also further the judiciary's interest in a fair and accurate adjudication.  *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006).  Moreover, in civil cases involving potentially damaging allegations about a defendant's conduct, "basic fairness" requires that plaintiffs disclose their real names.  *Mateer v. Ross, Suchoff, Egert, Hankin Maidenbaum & Mazel, P.C.*, 96 Civ. 175 (LAP), 1997 WL 171011, at *6 (S.D.N.Y. Apr. 10, 1997).

However, in certain "extraordinary" circumstances, *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 351 (E.D.N.Y. 2013), particularly those that implicate serious individual

privacy concerns, *Doe v. City of New York*, 201 F.R.D. 100, 101 (S.D.N.Y. 2001), courts may, at

their discretion, permit a litigant to proceed anonymously.  In *Sealed Plaintiff*, the Second Circuit

set out the standard for determining whether the given circumstances warrant such an exception,

holding that "the plaintiff's interest in anonymity must be balanced against both the public

interest in disclosure and any prejudice to the defendant."  537 F.3d at 189.  The Second Circuit

suggested that courts look at ten non-exhaustive factors to assess that balance:

> (1) whether the litigation involves matters that are highly sensitive and of a personal
> nature;
>
> (2) whether identification poses a risk of retaliatory or mental harm to the party seeking
> to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms,
> including whether the injury litigated against would be incurred as a result of the
> disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure,
> particularly in light of his or her age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims
> anonymously, whether the nature of that prejudice (if any) differs at any particular stage
> of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to
> disclose his or her identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there
> is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of
> the plaintiff.

*Id.* at 190 (internal alterations, citations, and quotation marks omitted).  Although the ten *Sealed*

*Plaintiff* factors are highly instructive, courts are not required to consider any or all of them, nor

must they use any particular approach, so long as they balance the relevant interests at stake when reaching a conclusion.  *Id.* at 191 n.4.

### B.  Motion for Protective Order

Rule 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  "This rule 'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'"  *U.S. Commodity Futures Trading Comm'n v. Parnon Energy, Inc.*, 593 F. App'x 32, 36 (2d Cir. 2014) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  "Rule 26(c) allows for the crafting of appropriate relief, including that the disclosure or discovery may be had only on specified terms and conditions."  *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09 Civ. 5087 (JFK), 2012 WL 1589597, at *3 (S.D.N.Y. May 7, 2012) (internal quotation marks and citation omitted).

"The party seeking a protective order bears the burden of establishing that good cause for the order exists."  *Id.* at *5 (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004)).  It must demonstrate a "particular need for protection," showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."  *Id.* (citations omitted).

## III.   DISCUSSION

Plaintiffs argue that the *Sealed Plaintiff* factors weigh heavily in favor of proceeding under a pseudonym.  In particular, they argue that disclosure of Plaintiffs' identities would reveal information that is of a highly sensitive and personal nature, that it would subject Plaintiffs to

4

risk of retaliation, that their identification would likely cause severe harm, that they are particularly vulnerable to this harm, that they are challenging very powerful defendants, that they have kept their identity confidential to date, that Defendants will not be prejudiced, that the public interest weighs heavily in favor of proceeding anonymously, and that there are no alternative means for protecting Plaintiffs' identities.  Plaintiffs "do not object to providing their true, full name to Defendants, by way of defense counsel, pursuant to a protective order barring further dissemination of that information and requiring all documents containing their true names to be filed under seal."  Doc. 4 at 3.

At the outset, the Court notes that this litigation involves matters that are highly sensitive and personal in nature.  John Doe No. 1 and John Doe No. 2 allege that they were statutorily raped by Nygard's girlfriend.  The details of those attacks will undoubtedly feature prominently in this case.  John Doe No. 1 and John Doe No. 2 have a strong right to privacy in this information.  Additionally, both John Doe No. 1 and John Doe No. 2 were minors at the time of the alleged attacks—indeed, John Doe No. 1 is still a minor, further amplifying his right to privacy.  Furthermore, in general, "the public . . . has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).  This public interest is only stronger given the sprawling allegations of widespread sexual abuse levied against Nygard in related proceedings.  On the other hand, Defendants will experience little or no prejudice by allowing Plaintiffs to remain anonymous at this stage of the proceeding, as Plaintiffs have agreed to make their names and identities known to Defendants, subject to an appropriate protective order.

Taken as a whole, then, the *Sealed Plaintiff* factors weigh strongly in favor of granting Plaintiffs' motion to proceed anonymously.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED.  Plaintiffs are permitted to proceed in this litigation under the pseudonyms of John Doe No. 1 and John Doe No. 2.  All materials filed in this action, including all judgments, and any other documents relating to this action shall refer to Plaintiffs as John Doe No. 1 and John Doe No. 2 without any additional identifying information.  Any release or deliberate disclosure of Plaintiffs' identities by Defendants, to anyone outside of their legal representatives or agents, may be sanctionable.  The parties are directed to meet and confer regarding an appropriate protective order.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 4.

It is SO ORDERED.

Dated:     August 20, 2020
           New York, New York

_____
Edgardo Ramos, U.S.D.J.