# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938 - 2011
MICHAEL C. SILBERBERG
1940 - 2002
JOHN J. TIGUE, JR.
1939 - 2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

November 25, 2020

Honorable Edgardo Ramos (by ECF)

 Re: *John Does Nos. 1 and 2 v. Nygard, et al.*, No. 20-cv-6501 (ER)

Dear Judge Ramos:

  This firm represents defendants Peter J. Nygård and Nygård Holdings Limited ("Nygård Holdings") (collectively, "defendants").[1] In accordance with Section 2.A of Your Honor's Individual Practices, we respectfully request a pre-motion conference in anticipation of filing a motion to dismiss plaintiffs' complaint.

  This action—in which the two John Doe plaintiffs falsely accuse defendants of violating the Trafficking Victims Protection Reauthorization Act ("TVPRA")—suffers from the same dispositive pleading defects as a prior lawsuit brought by the same lawyers against the same defendants on behalf of a putative class of unidentified, Jane Does. *See Jane Does Nos. 1-57 v. Nygard, et al.*, No. 20-cv-1288 (ER) (S.D.N.Y.) (the "Jane Does lawsuit"). In the face of defendants' motion to dismiss the Jane Does lawsuit (in which defendants briefed the referenced pleading defects), plaintiffs filed this lawsuit, repeating verbatim large swaths of the allegations from the Jane Does complaint while correcting none of its fatal defects. Although defendants dispute the claims in both lawsuits and are prepared to defend both lawsuits on the merits, plaintiffs' claims here (like the overwhelming majority of the claims in the Jane Does lawsuit) fail as a matter of law and must be dismissed at the pleading stage.

## I. Both Plaintiffs' Claims Fail for Lack of Personal Jurisdiction

  To avoid dismissal, plaintiffs must establish that this Court has either (i) general jurisdiction over each defendant, or (ii) specific jurisdiction over each defendant with respect to each plaintiff's claims. *See, e.g.*, *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81, 83 (2d Cir. 2018); *Famular v. Whirlpool Corp.*, 2017 WL 2470844, at *3 (S.D.N.Y. 2017); *Chufen*

---

[1] All litigation against the other two defendants, Nygård, Inc. and Nygård International Partnership, is stayed. *See In re Nygard Holdings (USA) Ltd., et al.*, No. 20-bk-10828 (SMB) (Bankr. S.D.N.Y.), Dkt. 40.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

*Chen v. Dunkin' Brands, Inc.*, 2018 WL 9346682, at *5 (E.D.N.Y. 2018), *aff'd on other grounds*, 954 F.3d 492 (2d Cir. 2020). Plaintiffs cannot make either showing.

This Court lacks general jurisdiction over defendants, because plaintiffs have not alleged facts sufficient to show that either defendant was (i) physically present in New York when served, (ii) domiciled in New York when this action was filed, or (iii) "doing business" in New York when this action was filed. *E.g.*, *Rosado v. Bondi*, 2017 WL 4947122, at *3 (S.D.N.Y. 2017); *Mones v. Commercial Bank of Kuwait, S.A.K.*, 502 F. Supp. 2d 363, 368-69 (S.D.N.Y. 2007). As detailed in defendants' pending motion to dismiss in the Jane Does lawsuit, at all relevant times Mr. Nygård was physically present and domiciled in Canada, and Nygård Holdings was physically present and domiciled in the Bahamas. *See Jane Does Nos. 1-57 v. Nygard, et al.*, No. 20-cv-1288 (ER) (S.D.N.Y.), Dkt. 58 at pp. 5-10. Moreover, plaintiffs have not alleged facts from which this Court could conclude that either defendant was "engaged in continuous, permanent, and substantial activity in New York," thus precluding a finding that either defendant was "doing business" in New York. *E.g.*, *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000).

Similarly, the Court lacks specific jurisdiction over defendants, because no "strong nexus" or "direct relation" is alleged between either plaintiff's claims and either defendant's alleged in-state activities. *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983). Indeed, plaintiffs do not allege a single in-state act by either defendant that has any conceivable nexus or relation to their claims. Finally, personal jurisdiction also is lacking for the independent reason that plaintiffs cannot show that exercising jurisdiction over either defendant would comport with due process, including because plaintiffs have not alleged that defendants have (i) such extensive contacts with New York as to render them "at home" in the state, *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 223, 225 (2d Cir. 2014), or (ii) "purposefully directed [their] activities at residents of [New York], and [plaintiffs' claims] . . . 'arise out of or relate to' those [forum-directed] activities," *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013). Neither defendant is alleged to have the type of extensive contacts with New York to be "at home" here, and as noted above, plaintiffs have not alleged a single in-state act by either defendant with any link to their claims. To the contrary, plaintiffs allege that the conduct underlying their claims occurred in Canada and the Bahamas, and identify no connection whatsoever to New York.[2]

## II. Both Plaintiffs' TVPRA Claims Fail Because Neither Plaintiff Has Alleged a Cognizable Claim Under the TVPRA

Even if the exercise of personal jurisdiction were proper over defendants, both plaintiffs' TVPRA claims nevertheless would fail because the complaint does not allege that the conduct underlying the claims—plaintiffs' alleged sexual encounters with an unidentified woman ("Jane Roe")—constituted a "commercial sex act." To state a cognizable claim under the TVPRA, a plaintiff must allege a "commercial sex act." 18 U.S.C. § 1591(a). A "commercial sex act" is "any sex act on account of which anything of value is given to or received by any person." *Id.* §

---

[2] Furthermore, neither Nygård Inc. nor Nygård International Partnership is organized under New York law, has its principal place of business here, or has any of the characteristics sufficient to support a finding that it is "at home" here. Therefore, even if Mr. Nygård were the alter ego of either company—which plaintiffs have not alleged facts sufficient to establish—that would not provide a basis for exercising jurisdiction over him in New York.

2

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

1591(e)(3).  Accordingly, for an act to be a "commercial sex act," "a causal relationship [must exist] between the sex act and an exchange of an item of value." *United States v. Marcus*, 487 F. Supp. 2d 289, 306 (E.D.N.Y. 2007), *rev'd on other grounds*, 538 F.3d 97 (2d Cir. 2008); *see Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019); *Kolbeck v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2013 WL 6816174, at *16 (W.D. Ark. 2013).  Plaintiffs' allegations that "Jane Roe" received "an item of value" in connection with the alleged sex acts are entirely conclusory, *see* Compl. ¶¶ 134, 142, and thus insufficient to state a cognizable TVPRA claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### III.  Both Plaintiffs' TVPRA Claims Also Fail for Lack of Subject Matter Jurisdiction

Both plaintiffs' TVPRA claims also fail for lack of subject matter jurisdiction because (i) they are based on alleged injuries that occurred outside the U.S. (in Canada and the Bahamas), (ii) the TVPRA's limited grant of extraterritorial jurisdiction over a defendant requires that the defendant be a citizen of the U.S., a permanent resident of the U.S., or physically "present in" the U.S., and (iii) neither defendant meets any of those requirements.  18 U.S.C. § 1596; *Adhikari v. KBR Inc.*, 2017 WL 4237923, at *5 (S.D. Tex. 2017) (civil TVPRA claims are extraterritorial if injuries occurred outside U.S.); *Ratha v. Phatthana Seafood Co.*, 2017 WL 8292391, at *4 (C.D. Cal. 2017) ("present in" requires physical presence).  Defendants are not citizens or permanent residents of the U.S., and, at all relevant times, defendants were physically present in Canada (Mr. Nygård) or the Bahamas (Nygård Holdings).  In addition, subject matter jurisdiction also is lacking with respect to John Doe No. 2's TVPRA claims because (i) the claims are based on alleged extraterritorial violations of the TVPRA that occurred in 2004, Compl. ¶¶ 6, 41, 111, and (ii) the TVPRA was not amended to apply extraterritorially until 2008, *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 201-02 (5th Cir. 2017).

Because plaintiffs' TVPRA claims fail as a matter of law, this Court should not exercise supplemental jurisdiction over their remaining foreign law claims in accordance with 28 U.S.C. § 1367(c)(3).  *Telemaque v. Marriott Int'l, Inc.*, 2016 WL 406384, at *10 (S.D.N.Y. 2016); *see Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d. Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining . . . claims.").

### IV.  All of John Doe No. 2's Claims Are Time Barred

John Doe No. 2's claims also should be dismissed as time barred.  The longest available statute of limitations for John Doe No. 2's claims is under the TVPRA, which requires that a claim be brought no later than 10 years after (i) the relevant alleged conduct occurred or (ii) the plaintiff turned 18.  18 U.S.C. § 1595(c).  John Doe No. 2 alleges that the relevant conduct occurred in 2004, and he turned 18 in 2007.  Compl. ¶¶ 6, 41, 111.  As a result, John Doe No. 2's claims exceed the 10-year statute of limitations, and properly are dismissed, because (i) "it is clear from the face of the complaint . . . that the . . . claims are [time] barred," *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008), and (ii) John Doe No. 2 has not alleged facts sufficient to warrant the application of equitable tolling or any other doctrine that could resurrect his time-barred claims, *e.g.*, *Miller v. Hyundai Motor Am.*, 2016 WL 5476000, at *10 (S.D.N.Y. 2016).

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

                Respectfully submitted,

                /s/ Christopher B. Harwood

                Christopher B. Harwood

cc:  Plaintiffs' counsel (by ECF)